UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SANDRA FERRO, ET AL            CIVIL ACTION

VERSUS            NO: 18-7511

WINN DIXIE MONTGOMERY, LLC            SECTION: "J"(1)

## ORDER AND REASONS

Before the Court is a *Motion for Summary Judgment* **(Rec. Doc. 6)** filed by Defendant, Winn-Dixie Montgomery, LLC. Plaintiffs, Sandra and Nicolas Ferro, filed an opposition **(Rec. Doc. 14)**, to which Defendant replied **(Rec. Doc. 16)**. Considering the Motion, the record, and the law, the Court finds that the Motion should be **DENIED**.

Sandra Ferro slipped and fell at a Winn-Dixie grocery store on Tchoupitoulas Street in New Orleans on August 17, 2017.[1] She filed suit—along with her husband, for loss of consortium—against Winn-Dixie for injuries she sustained in her fall. Defendant argues that the Plaintiffs cannot prevail upon the slip and fall claim because Winn-Dixie acted with reasonable care in setting out cones and the black and yellow absorption strips, thereby alerting customers to the danger of moisture in the area.[2]

Plaintiffs oppose summary judgment, arguing there are material issues of fact as to what cones were placed where. They also object to summary judgment because

---

[1] (*See* Rec. Doc. 1-5 at 2).
[2] (Rec. Doc 6-1 at 4-5). Ms. Ferro's claim is governed by the Louisiana Merchant Liability Act, which sets out additional elements plaintiffs must prove in order to succeed on a negligence claim for a slip and fall. *See* La. Rev. Stat. § 9:2800.

1

discovery is still ongoing. Plaintiffs note that several photos taken of the site of the incident were only recently turned over to Plaintiffs, and "[f]urther crucial facts still remain to be discovered in this case."[3]

A survey of Louisiana slip and fall cases reveals that courts tend to rely on video or photographic evidence when granting summary judgment in favor of a defendant merchant. *Ramirez v. PNK Lake Charles LLC*, 2:15-CV-01448, 2017 WL 7798670, at *4 (W.D. La. Oct. 17, 2017) (Mag. J. Whitehurst) (recommending summary judgment be denied because of a lack of photographic evidence showing the characteristics and placement of a wet floor sign); *see, e.g.*, *Lee v. Popeye's Louisiana Kitchen, Inc.*, No. CV 18-5831, 2019 WL 656164, at *4 (E.D. La. Jan. 10, 2019) (granting summary judgment because surveillance footage indicated slip hazard was open and obvious), *Melancon v. Popeye's Famous Fried Chicken*, 59 So. 3d 513, 515 (La. App. 3d Cir. 2011) (affirming summary judgment upon review of surveillance video); *c.f. Lee v. Ryan's Fam. Steak Houses, Inc., 960 So. 2d 1042, 1047* (La. App. 1st Cir. 2007) (overturning trial court judgment upon review of surveillance footage of the fall).

Of course, there is no hard and fast rule requiring any particular type of evidence for summary judgment. But the determination of whether a merchant's precautions against slip and falls are reasonable is obviously a highly fact-intensive inquiry. *See Bertaut v. Corral Gulfsouth, Inc.*, 209 So. 3d 352, 357 (La. App. 5th Cir. 2016) ("Whether protective measures in a particular business establishment are

---

[3] (Rec. Doc. 14 at 13).

reasonable must be determined in light of the circumstances of the case, considering, commensurate with the risk involved, the merchant's type and volume of merchandise, the type of display, the floor space utilized for customer service, the volume of business, the time of day, the section of the business, and other considerations."). And often the details that determine the outcome of such a case—the distance between the slip and the sign warning of wet floors, for example—are in material dispute when the only evidence available is witness testimony, which is often conflicting and requires credibility assessments. When photographic evidence of the accident site as it existed at the time of the fall is available—or better yet, there is actual video footage of the fall—the chance of a genuine material issue of fact is lessened.

Here, Defendant relies on the deposition testimony of two Winn-Dixie employees and Ms. Ferro. The Winn-Dixie employees testified that they put out two cones and absorption strips in this case to warn customers of moisture coming from the freezer aisle. At her deposition, Ms. Ferro was shown some photographs displaying two cones in the frozen food aisle; one of the cones was green. She denied that this photograph accurately reflected the aisle as she encountered it. Specifically, she denied that there was any green cone in the area when she fell—this she would have remembered.[4] This photograph, considered and rejected by Ms. Ferro, is one of several allegedly taken of the aisle on the day of the accident and which the deponents, Mackie, Roe, and Ferro, reference in their testimony. However, these

---

[4] (Rec. Doc. 6-5 at 12-14).

photographs have not been provided to the Court, and, so, much of what is said in the depositions regarding these images is without essential context. Defendant does attach a single blurry photograph of the frozen food aisle, allegedly displaying the aisle the day of the accident, but Defendant does not explain who took this photograph, when it was taken, or whether this is the photograph that was shown to Ms. Ferro.[5] Given that the cones in the photo provided appear to both be yellow, the Court infers it is not the photograph that Ms. Ferro rejected.

The color, sizes, shapes, and markings of the cones, their placement, and whether one or two were set out in the aisle are facts material to the determination of whether Winn-Dixie acted reasonably in this case. Thus, there is a genuine material issue of fact and summary judgment is inappropriate.

Accordingly,

**IT IS HEREBY ORDERED** that the *Motion for Summary Judgment* **(Rec. Doc. 6)** is **DENIED**.

New Orleans, Louisiana, this 3rd day of May, 2019.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[5] (See Rec. Doc. 6-7).